IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JALIL ABDULLAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-2912-TLP-atc |
| | ) | |
| OFFICER T. NGUYEN, MEMPHIS CITY | ) | |
| COURT, and TENNESSEE | ) | |
| DEPARTMENT OF SAFETY AND | ) | |
| HOMELAND SECURITY, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On September 26, 2025, Plaintiff Jalil Abdullah filed a *pro se* complaint and a motion to proceed *in forma pauperis.* (ECF Nos. 2, 3.)  The Court granted the motion to proceed *in forma pauperis* on October 2, 2025.  (ECF No. 7.)  Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

For the reasons set forth below, it is recommended that Abdullah's claims be dismissed *sua sponte* for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## PROPOSED FINDINGS OF FACT

Abdullah's claims arise from the revocation of his "license, driving privileges, and ability to obtain a license" after he was found guilty for "failure to show proof of liability insurance" in violation of Tennessee's Financial Responsibility Law, Tenn. Code Ann. § 55-12-101 *et seq.* (ECF No. 2, at 2.)  Defendant Officer T. Nguyen issued Abdullah a citation for failure to show

proof of "financial responsibility" after Abdullah was involved in a car accident on January 15, 2025.  (*Id.*)  The citation included a mandatory court date before Defendant Memphis City Court[1] ("City Court") on February 24, 2025.  (*Id.*; ECF No. 2-2, at 1.)  Abdullah "refused to attend" the hearing on his citation, "asserting his constitutional right to travel and rejecting the premise of forced contract with a private insurer."  (*Id.*)  The City Court therefore notified Abdullah on February 26, 2025, that he "was found guilty or pled guilty" after failing to appear in court, and, on April 21, 2025, Defendant Tennessee Department of Homeland Security ("TDHS") notified Abdullah that "his license, driving privileges, and ability to obtain a license were revoked for failure to show proof of liability insurance."  (*Id.* at 2.)

Abdullah contends that the "suspension and penalties were executed without a hearing, without individualized review, and without any showing of harm or public danger."  (*Id.*)  As a result, he asserts several claims, including alleged violations of his rights under the First, Fifth, and Fourteenth Amendments, 18 U.S.C. §§ 241–42, the Supremacy Clause, civil conspiracy under 42 U.S.C. § 1985(3), and ongoing harm warranting emergency relief.  (*Id.* at 3.)  He requests compensatory, punitive, and emotional distress damages, attorneys' fees and costs under 42 U.S.C. § 1988(b), and injunctive relief.  (*Id.* at 3–4.)

---

[1] "Administrative units of local government, such as a municipal police department, are not *sui juris* because they lack the power to sue, and cannot be sued absent positive statutory authority." *Goodwin v. Cnty. of Summit, Ohio*, 45 F. Supp. 3d 692, 698 (N.D. Ohio 2014).  The City Court was established by the Memphis Municipal Code and therefore qualifies as a sub-unit of the City of Memphis.  *See* Memphis, Tenn. Charter art. 35 [https://perma.cc/4W6Q-BJGC].  Accordingly, the Memphis City Court is not a proper party to this case.  For purposes of this Report and Recommendation, the Court construes Abdullah's claims against the City Court as having been asserted against the City of Memphis.

## PROPOSED CONCLUSIONS OF LAW

**I.      Standards of Review**

    **A.      28 U.S.C. § 1915(e)(2)**

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B).  Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

    **B.      Subject Matter Jurisdiction**

"A complaint is subject to dismissal under Rule 12(b)(1) if the facts, accepted as true and viewed in the light most favorable to the plaintiff, show that the court lacks subject-matter jurisdiction." *Nesselrode v. Sec'y of U.S. Dep't of Educ.*, No. 17-4206, 2018 WL 6975166, at *2 (6th Cir. June 18, 2018).   "Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed." *Woodson v. Woodson*, No. 2:22-mc-00003-TLP-tmp, 2022 WL 16985602, at *2 (W.D. Tenn. Feb. 18, 2022), *report and recommendation adopted*, 2022 WL 16963997 (W.D. Tenn. Nov. 16, 2022) (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)).  "Even so, pro se litigants must adhere to the Federal Rules of Civil Procedure, . . . and the court cannot create a claim that has not been spelled out in a pleading." *Id.* (citations omitted).  "At any time in a case and of its own volition, a district court may examine whether a complaint lacks subject matter jurisdiction." *Coleman v. Juv. Ct. of Memphis & Shelby Cnty. TN*, No. 2:17-cv-2524-SHL-tmp, 2017 WL 10607262, at *2 (W.D. Tenn. Aug. 29, 2017), *report and recommendation adopted*, No. 2:17-cv-02524-SHL-tmp, 2018

WL 5298155 (W.D. Tenn. Oct. 25, 2018), *aff'd sub nom. Coleman v. Juv. Ct. of Memphis*, No.

18-6245, 2019 WL 2298965 (6th Cir. Apr. 10, 2019); *see also Coleman v. Juvenile Court of*

*Memphis*, No. 18-6245, 2019 WL 2298965, at *1 (6th Cir. Apr. 10, 2019) (affirming *sua sponte*

dismissal of the complaint for lack of subject matter jurisdiction under the *Rooker–Feldman*

doctrine).

      C.      <u>Standard of Review for Failure to State a Claim</u>

To determine whether Abdullah's Complaint states a claim for which relief may be

granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as

articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain

statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at

555 (internal citations and quotations omitted). The Court "construes the complaint in a light

most favorable to the plaintiff" and "accepts all factual allegations as true" to determine whether

they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608,

611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not

entitled to the assumption of truth. While legal conclusions can provide the framework of a

complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also*

*Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket

assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to

see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Shelby v. Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

## II.    Dismissal for Lack of Subject Matter Jurisdiction

"The [*Rooker–Feldman*] doctrine—coming from *Rooker v. Fidelity Trust Co.*, 263 U.S.
413 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)—restricts federal courts
from hearing claims seeking 'relief from injury caused by the state court judgment.'" *Robinson v.
Tansley*, No. 2:23-cv-02589-SHL-atc, 2024 WL 4151160, at *7 (W.D. Tenn. Sept. 11, 2024)
(quoting *In re Hamilton*, 540 F.3d 367, 371–72 (6th Cir. 2008)).  "The *Rooker–Feldman* doctrine
prohibits federal district courts from 'consider[ing] cases brought by state-court losers
complaining of injuries caused by state-court judgments.'" *Harvison v. Little*, No.: 1:22-cv-
01103-JDB-jay, 2023 WL 3147905, at *2 (W.D. Tenn. Apr. 28, 2023) (quoting *Larry E. Parrish,
P.C. v. Bennett*, 989 F.3d 452, 455 (6th Cir. 2021)).  "The doctrine is derived from 28 U.S.C.
§ 1257, which 'vests sole jurisdiction to conduct[] appellate review of final state-court judgments
in the Supreme Court.'" *Id.* (quoting *Bennett*, 989 F.3d at 456).

"To ascertain whether the doctrine applies, the Court 'look[s] to the source of the injury
the plaintiff alleges in the federal complaint.'" *Harvison*, 2023 WL 3147905, at *2 (quoting
*VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020)).  "Other than the
Supreme Court of the United States, federal courts are barred from exercising appellate
jurisdiction over state courts' decisions and proceedings, 'including claims that are "inextricably
intertwined" with issues decided in state court proceedings.'" *Robinson*, 2024 WL 4151160, at *7
(quoting *Exec. Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004)).  In
making this determination, "Plaintiffs' subjective characterization of their claims is not
determinative.  The court must determine whether *Rooker–Feldman* bars a claim 'by looking to
the source of the injury the plaintiff alleges in the federal complaint.'" *Penn v. Ogg*, No. 1:14-cv-
762014, 2014 WL 4450038, at *4 (S.D. Ohio Sept. 10, 2014) (quoting *Evans v. Cordray*, 424 F.

6

App'x 537, 538 (6th Cir. 2001)) (citations omitted) (finding that the *Rooker–Feldman* doctrine applied, even though the plaintiffs couched their federal case in terms of fraud and constitutional violations, because it is the state-court proceeding and "corresponding judgment entry against Plaintiffs that is the source of the injury alleged in the federal complaint . . . .  This is precisely the type of claim that is barred by *Rooker–Feldman*."); *see also Hicks-Bey v. Goodstein*, 2:23-cv-10771-TGB-eas, 2023 WL 3186945, at *2 (E.D. Mich. May 1, 2023) (dismissing under *Rooker–Feldman*, even though the plaintiff made fraud and § 1983 claims, because the claims all challenged state-court foreclosure proceedings).

When the claims in a subsequent federal case essentially seek to set aside a state-court judgment and are "the functional equivalent of an appeal from a state court judgment," the *Rooker–Feldman* doctrine applies, and the federal court lacks subject matter jurisdiction.  *Untied v. CIT Grp. Consumer Fin., Inc.*, 23 F. App'x 233, 234–35 (6th. Cir. 2001) ("The district court appropriately concluded that it lacked jurisdiction over Untied's complaint because the claims challenged the adequacy and result of state court proceedings that resolved the foreclosure sale of the subject property."); *see also Givens v. Homecomings Fin.*, 278 F. App'x 607, 609 (6th Cir. 2008) (affirming dismissal of federal claims because the plaintiff was "effectively attempting to appeal from the state order granting possession to [the mortgagee], [and thus] his suit was properly dismissed under *Rooker–Feldman*"); *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 489–90 (6th Cir. 2005) (affirming dismissal because, "[b]esides being utterly frivolous, the plaintiffs' claims are predicated on their conviction that the state courts were wrong and, therefore, satisfy the very definition of a case requiring *Rooker–Feldman* abstention" (quotation omitted)).  "A federal plaintiff may not sidestep this jurisdictional rule simply by

casting the complaint in the form of a federal civil rights action." *Shea v. State of Ohio*, 110 F.3d 64, at *2 (6th Cir. 1997) (unpublished table opinion).

At its core, this case is the functional equivalent of an appeal from the traffic court proceedings. Abdullah failed to appear for the mandatory hearing on his citation and was thereafter notified that he was found guilty by the City Court. The resulting revocation of his license, driving privileges, and ability to obtain a license by TDHS flowed directly from the City Court's judgment and the consequences imposed as a result of that judgment. To the extent that Abdullah asks this Court to overturn or invalidate the effects of the City Court proceedings, his claims are barred by the *Rooker–Feldman* doctrine. *See Shea*, 110 F.3d at *2 (affirming dismissal of the complaint at the screening stage because the plaintiff "sought a review of the state court proceedings regarding the traffic conviction").

## II.     Dismissal for Failure to State a Claim

Although the Complaint is subject to dismissal for the reasons outlined above, dismissal is also warranted for failure to state a claim. First, Abdullah's claims under §§ 1983 and 1985 against TDHS are barred by the Eleventh Amendment. The Complaint also fails to allege any plausible basis for relief, rendering amendment to cure the deficiencies as to TDHS futile.

### A.     Claims against TDHS

As to Abdullah's claims against TDHS, the Eleventh Amendment bars actions against states and state officers acting in their official capacity "unless they consent to be sued or Congress, pursuant to a valid exercise of its power, unequivocally expresses its intent to abrogate sovereign immunity." *Stanley v. W. Mich. Univ.*, 105 F.4th 856, 863 (6th Cir. 2024) (quoting *Ashford v. Univ. of Mich.*, 89 F.4th 960, 969 (6th Cir. 2024)). Eleventh Amendment immunity also "extends to state agencies or departments that function as arms of the state." *Kubik v.*

8

*Brown*, 979 F. Supp. 539, 548 (W.D. Mich. 1997).  Here, Tennessee has not waived its sovereign immunity with respect to Abdullah's constitutional claims against TDHS, which Abdullah seemingly brings under § 1983, and Congress has not abrogated sovereign immunity via § 1983.  *See Ingle v. Shelby Cnty.*, No. 2:19-cv-02080-TLP-tmp, 2019 WL 5684518, at *3 (W.D. Tenn. Nov. 1, 2019) (citing Tenn. Code Ann. § 20-13-102(a); *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)) ("[A] state is not a person under 42 U.S.C. § 1983."); *see also Hill v. License*, No. 3:18-cv-149-JRG-hbg, 2018 WL 1787295, at *2 (E.D. Tenn. Apr. 13, 2018).  The same is true of § 1985.  *See Ferritto v. Ohio Dep't of Highway Safety*, 928 F.2d 404, at *2 (Table) (6th Cir. 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985.") (citing *Quern v. Jordan,* 440 U.S. 332, 339–42 (1979); *Cowan v. University of Louisville School of Med.,* 900 F.2d 936, 940–41 (6th Cir.1990); *Seibert v. Oklahoma ex rel. University of Oklahoma Health Sciences Center,* 867 F.2d 591, 594 (10th Cir.1989)).  Accordingly, it is recommended that Abdullah's § 1983 and § 1985 claims against TDHS be dismissed.

      B.      <u>§ 1983 Claims</u>

      *1.*      Heck v. Humphrey

As a threshold matter, to the extent Abdullah seeks monetary damages, he is not entitled to such relief.  A plaintiff "may not recover damages for an 'allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid' until the conviction or sentence has been set aside by the state or by a federal writ of habeas corpus."  *Shea*, 110 F.3d at *1 (quoting *Heck v. Humphrey*, 512 U.S. 477, 486 (1994)).  "A claim for damages that challenges a conviction or sentence that

9

has not been invalidated is not cognizable under § 1983." *Harris v. City of Willoughby*, No. 1:24-cv-2054, 2025 WL 1446380, at 2 (N.D. Ohio May 20, 2025). "If a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . then the Complaint must be dismissed . . . ." *Id.*

Consideration of Abdullah's claims would call into question the validity of the underlying traffic court judgment itself. Abdullah's alleged injuries exist only because he was found guilty after he failed to appear at his mandatory hearing. Accordingly, success on Abdullah's claims would imply that the conviction and its resulting penalties were invalid. Abdullah's Complaint does not allege that the City Court conviction has been reversed on appeal, vacated, expunged, or otherwise invalidated through any proceeding. Absent such a determination, § 1983 does not provide a vehicle through which Abdullah may obtain damages predicated on the alleged unlawfulness of the conviction or the resulting penalties. Because adjudication of Abdullah's claims would imply the invalidity of his conviction, his claims are not cognizable under § 1983 and should be dismissed.

### 2. Fourteenth Amendment Claim

Abdullah first claims that suspending his driver's license "without a hearing" constitutes a violation of his due process rights pursuant to the Supreme Court's holding in *Bell v. Burson*, 402 U.S. 535 (1971). (ECF No. 2, at 3.) His reliance on *Bell*, however, is misguided. In *Bell*, the Supreme Court held that, "under a Georgia financial responsibility law very similar to that of Tennessee, before the state could suspend the petitioner's license and registration, procedural due process required a determination as to whether there was a reasonable possibility of a judgment being rendered against him as a result of the accident." *Beazley v. Armour*, 420 F. Supp. 503, 506 (M.D. Tenn. 1976). In relying on *Bell*, Abdullah fails to acknowledge that, based on

10

Abdullah's own pleadings, he eschewed the due process provided to him by refusing to attend the mandatory hearing on his citation.[2]  He also seemingly failed to subsequently request an administrative hearing pursuant to Tenn. Code Ann. § 55-12-103.[3]  Further, after Abdullah failed to appear at the hearing, TDHS issued a "Notice of Proposed Suspension" informing him of his conviction and the consequences that would follow absent proof of insurance, further demonstrating compliance with due process requirements (ECF No. 2-2, at 8).  *See Beazley*, 420 F. Supp. at 510 (finding that the method of serving notice of potential driver's license revocation "is sufficient to satisfy due process requirements" where the defendants mailed notices to the plaintiffs' last known addresses, even though the plaintiffs did not receive them due to a change of address).  Accordingly, Defendants provided Abdullah plenty of due process, and it was his own failure to participate in that process that resulted in the suspension of his driving privileges. His due process claim should therefore be dismissed.

    *3.   First Amendment Claims*

  Abdullah asserts that he was "penalized for refusing to contract with a private insurer" in violation of his First Amendment right to freedom of association.  (ECF No. 2, at 3.)  The United States Constitution contemplates two distinct types of "'freedom of association:' a right of intimate association and a right of expressive association."  *Blick v. Ann Arbor Pub. Sch. Dist.*, 674 F. Supp. 3d 400, 434 (E.D. Mich. 2023), *aff'd,* 105 F.4th 868 (6th Cir. 2024) (citing *Roberts*

---

[2] Tenn. Code Ann. § 55-50-502(a)(1)(I) permits suspension of a license where the cited individual fails "to appear in any court or to satisfy any traffic citation issued for violating any statute regulating traffic."

[3] Tenn. Code Ann. § 55-12-103 provides: "[T]he commissioner . . . shall provide for hearings upon request of persons aggrieved by orders or acts of the commission under this chapter; provided that the requests are made within twenty (20) days following the order or act and that failure to make the request within the time specified shall without exception constitute a waived of the right."

*v. U.S. Jaycees*, 468 U.S. 609, 617–18 (1984)).  The freedom of intimate association safeguards an individual's ability to form and maintain close personal relationships without unwarranted government interference.  *Id.*  The freedom of expressive association protects the right to join with others in pursuing activities protected by the First Amendment, including speech, assembly, petitioning the government for redress of grievances, and the free exercise of religion.  *Id.*

Though Abdullah does not identify the specific theory underlying his freedom of association claim, the Court construes the claim as alleging a violation of the right to intimate association.  Courts have generally only upheld a right of intimate association in relationships that are characterized by "'such attributes as relative smallness, a high degree of selectivity in decisions to begin and maintain affiliation, and seclusion from others in critical aspects of the relationship.'"  *U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 599 (6th Cir. 2013) (quoting *Roberts*, 468 U.S. at 620).  "[R]elationships with large business enterprises . . . do not qualify as intimate associations warranting constitutional protection."  *Id.*  This dictate is especially relevant here because Tennessee's Financial Responsibility Law does not preclude Abdullah from contracting with the insurance carrier of his choice.  *See U.S. Citizens Ass'n*, 705 F.3d at 599–600.  Accordingly, Abdullah's freedom of association claim should be dismissed.

Abdullah next claims First Amendment retaliation resulting from his "refusal to contract and assertion of constitutional rights," which he alleges "triggered escalating penalties."  (ECF No. 2, at 3.)  "To prove a First Amendment retaliation claim, a plaintiff must show: (1) he engaged in protected speech; (2) the defendant took an adverse action against him; and (3) there is a causal connection between the protected speech and the adverse action."  *Cooperrider v. Woods*, 127 F.4th 1019, 1036 (6th Cir. 2025) (quoting *Josephson v. Ganzel*, 115 F.4th 771, 783 (6th Cir. 2024)) (internal quotation marks omitted).  As discussed above, Abdullah did not

engage in any activity protected by the First Amendment and therefore cannot sustain a First

Amendment retaliation claim.  It is therefore recommended that the First Amendment claims be

dismissed.

### 4.    *Fifth Amendment Claim*

Abdullah next claims that he "was coerced into a private financial agreement under threat

of license suspension and escalating fees" in violation of the "Fifth Amendment's protection

against compelled contract and deprivation of liberty without just compensation."  (ECF No. 2,

at 3.)  The Fifth Amendment protects against compelled self-incrimination, double jeopardy,

deprivation of property without due process of law, and uncompensated takings of private

property.  U.S. Const. amend. V.  "However, while the Fourteenth Amendment's Due Process

Clause restricts the activities of the states and their instrumentalities, the Fifth Amendment's Due

Process Clause circumscribes only the actions of the federal government."  *Adams v. Marquette*

*Police Dep't*, No. 2:25-cv-00226, 2025 WL 4032324, at *3 (W.D. Mich. Dec. 16, 2025), *report*

*and recommendation adopted sub nom. Adams v. Marquette City Police Dep't*, 2026 WL 86809

(W.D. Mich. Jan. 12, 2026) (citing *Scott v. Clay Cty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir.

2000)).  Because Defendants are state actors, Abdullah cannot sustain a Fifth Amendment due

process claim against them.  Further, the Fifth Amendment does not provide for any right against

compelled contract as Abdullah claims.  Therefore, Abdullah's Fifth Amendment claim should

be dismissed.

### 5.    *Supremacy Clause Claim*

Abdullah's claims that the "enforcement of Tennessee's insurance mandate conflicts with

federal constitutional protections" in violation of the Supremacy Clause.  (ECF No. 2, at 3.)

However, "[a] claim premised solely on Supremacy Clause preemption is not cognizable under

13

42 U.S.C. § 1983." *Wilcox v. City of Southfield*, No. 11-11349, 2014 WL 3870577, at \*5 (E.D.

Mich. Aug. 7, 2014) (quoting *Baskin v. Bath Tp. Bd. of Zoning Appeals*, 101 F.3d 702, at \*5 (6th

Cir. 1996) (unpublished table opinion)). Abdullah's Supremacy Clause claim therefore also fails

and should be dismissed.

> B.      18 U.S.C. §§ 241–42 Claim

Abdullah alleges that "Defendants acted under color of law to deprive Plaintiff of

federally protected rights" in violation of 18 U.S.C. §§ 241–42, which are criminal statutes.

(ECF No. 2, at 3.) "To the extent that [Abdullah] seeks criminal prosecution of the named

Defendants, the Court notes that such a request has no merit where the 'authority to initiate a

criminal complaint rests exclusively with state and federal prosecutors.'" *Adams*, 2025 WL

4032324, at \*1 (quoting *Gonzalez v. Perez*, N. 98-6575, 2000 WL 222584, at \*2 (6th Cir. Feb.

14, 2000)). Accordingly, Abdullah "cannot compel a criminal prosecution of Defendants

because private citizens cannot compel a criminal prosecution of another." *Id.* (citations

omitted). This claim should therefore be dismissed.

> C.      42 U.S.C. § 1985(3) Claim

Abdullah also raises a claim for civil conspiracy pursuant to § 1985(3). To state a viable

§ 1985(3) claim, a plaintiff must establish: "(1) a conspiracy; (2) for the purpose of depriving

either directly or indirectly, any person or class of persons of the equal protection of the laws, or

of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4)

whereby a person is either injured in his person or property or deprived of any right or privilege

of a citizen of the United States." *Arnold v. City of Crump*, No. 1:18-cv-01227-STA-jay, 2019

WL 5095791, at \*3 (W.D. Tenn. June 20, 2019), *report and recommendation adopted sub*

*nom. Arnold v. City of Crump, Tenn.*, No. 1:18-cv-01227-STA-jay, 2019 WL 4039636 (W.D.

14

Tenn. Aug. 27, 2019) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005)).  "Additionally, a plaintiff must claim both a membership in a protected class and a discrimination on account of it."  *Id.* (citing *Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 765 (6th Cir. 2010)).  Though Abdullah vaguely alleges the existence of a conspiracy "to deprive [him] of equal protection and liberty by jointly enforcing a fee structure that penalizes refusal to contract with a private insurer" (ECF No. 2, at 3), he does not claim that the alleged conspiracy targeted him due to his membership in a protected class.  He has therefore failed to plead a § 1985(3) claim.

> D.  Ongoing Harm and Emergency Relief

"A preliminary injunction is an 'extraordinary remedy,' not a matter of right."  *Patel v. Glenn*, No. 21-3499, 2022 WL 16647974, at *3 (6th Cir. Nov. 3, 2022) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).  "To secure a preliminary injunction, a plaintiff 'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  *EOG Res., Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 874 (6th Cir. Apr. 14, 2025) (quoting *Winter*, 555 U.S. at 20).  "[A] finding that there is simply no likelihood of success on the merits is usually fatal."  *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) (citing *Mich. St. AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997)).  "The Sixth Circuit has stated that the district court need not 'make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue.'"  *Doe v. Rhodes Coll.*, No. 2:16-cv-02308-JTF-tmp, 2016 WL 11611619, at *4 (W.D. Tenn. Oct. 25, 2016) (quoting *Jones v. City of Monroe, Mich.*, 341 F.3d 474, 476 (6th Cir. 2003)).

Notwithstanding that balancing, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) (citing *Mich. St. AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997)).  "The Sixth Circuit has stated that the district court need not 'make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue.'" *Doe v. Rhodes Coll.*, No. 2:16-cv-02308-JTF-tmp, 2016 WL 11611619, at *4 (W.D. Tenn. Oct. 25, 2016) (quoting *Jones v. City of Monroe, Mich.*, 341 F.3d 474, 476 (6th Cir. 2003)).  Because Abdullah has not pled any plausible claim for relief, as discussed above, he has no likelihood of success on the merits.  He is therefore not entitled to injunctive relief, and the claim should be dismissed.

## REPORT AND RECOMMENDATION

For the reasons set forth above, it is recommended that this case be dismissed *sua sponte* for lack of subject matter jurisdiction and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted this 21st day of May, 2026.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute waiver/forfeiture of objections, exceptions, and further appeal.