IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JALIL ABDULLAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:25-cv-02912-TLP-atc |
| v. | ) | |
| | ) | |
| OFFICER T. NGUYEN, in his individual | ) | |
| and official capacity, MEMPHIS CITY | ) | |
| COURT, by and through its Clerk and | ) | |
| administrative officers, and TENNESSEE | ) | |
| DEPARTMENT OF SAFETY AND | ) | |
| HOMELAND SECURITY, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
TO DISMISS COMPLAINT

Pro se Plaintiff Jalil Abdullah sued Defendants Officer T. Nguyen, the Memphis City Court, and the Tennessee Department of Safety and Homeland Security in September 2025. (ECF No. 1.)  Under Administrative Order No. 2013-05, this Court referred the case to Magistrate Judge Annie T. Christoff to manage all pretrial matters.  Because Plaintiff proceeded in forma pauperis, Judge Christoff screened the Complaint under 28 U.S.C. § 1915(e)(2)(B). Judge Christoff issued a Report and Recommendation ("R&R") in May 2026 (ECF No. 10) and recommends that the Court sua sponte dismiss the Complaint for lack of subject matter jurisdiction and For failure to state a claim.  Plaintiff did not object to the R&R.  For the reasons below, the Court **ADOPTS** the R&R and **DISMISSES** the Complaint **WITH PREJUDICE**.

1

**BACKGROUND AND THE R&R**

Judge Christoff accurately described the Complaint. (ECF No. 10 at PageID 27–28.) In short, Officer T. Nguyen responded to a car wreck in January 2025 and gave Plaintiff a ticket for failing to "maintain financial responsibly." (ECF No. 1 at PageID 3.) The ticket required Plaintiff to appear in state court the following month. (*Id.*) But Plaintiff "refused to attend the hearing, asserting his constitutional right to travel and rejecting the premise of forced contract with a private insurer." (*Id.*) So not surprisingly, Plaintiff was found guilty for failing to maintain financial responsibility. (*Id.*)

A few months later, Plaintiff received a notice that the State was revoking his license and driving privileges for failure to show proof of liability insurance. (*Id.*) And then in September 2025, Plaintiff received a letter "demanding" a $25.00 coverage fee and "threatening" a $100.00 penalty unless he submitted proof of insurance within 30 days. (*Id.*)

Plaintiff claims that his driving suspension and related penalties "were executed without a hearing, without individualized review, and without any showing of harm or public danger." (*Id.*) So he sued Defendants here, alleging violations under the First, Fifth, and Fourteenth Amendments, a Supremacy Clause violation, civil conspiracy, and retaliation. (*Id.* at PageID 4.) He seeks $250,000.00 in damages, as well as declaratory and injunctive relief. (*Id.* at PageID 5.)

Judge Christoff recommends dismissing the Complaint. (ECF No. 10.) She found that the *Rooker-Feldman* doctrine bars subject matter jurisdiction because Plaintiff asks the Court to overturn a state court proceeding. (*Id.* at PageID 34 ("At its core, this case is the functional equivalent of an appeal from the traffic court proceedings."); *see id.* at PageID 33 ("When the claims in a subsequent federal case essentially seek to set aside a state-court judgment and are "the functional equivalent of an appeal from a state court judgment," the *Rooker–Feldman*

doctrine applies, and the federal court lacks subject matter jurisdiction." (quoting *Untied v. CIT Grp. Consumer Fin., Inc.*, 23 F. App'x 233, 234–35 (6th. Cir. 2001)).)  Although Judge Christoff acknowledged that this reason alone warrants dismissal, she still carefully analyzed each of Plaintiff's claims.  (*Id.* at PageID 34–42.)  She concluded that each claim failed to allege any plausible basis for relief.  (*Id.*)  And this was true even though Judge Christoff correctly applied the "less stringent" pro se pleading standards in her R&R.  (*Id.* at PageID 29–31.)

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters.  28 U.S.C. § 636(b)(1)(A)–(B).  And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If the parties do not object, the district court reviews the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee notes.  And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Judge Christoff entered her R&R on May 21, 2026.  To date, Plaintiff has not objected.  And the time to do so has now passed.  The Court therefore reviews the R&R for clear error.

## DISPOSITION

Having reviewed the record, the Court finds no clear error in Judge Christoff's R&R.  In fact, the Court agrees with her well-reasoned analysis.

Judge Christoff was correct to conclude that the Court similarly lacks subject matter jurisdiction to entertain these claims.  For example, the Sixth Circuit affirmed dismissal on nearly identical grounds:

> At bottom, the plaintiffs seek to overturn the decrees of foreclosure, duly entered in the courts of Ohio. This is an especially brazen request given the fact that they failed to appear before those courts but then raised multifarious claims of federal, state, and common law infractions created by the issuance of the state court decrees in federal district court. Besides being utterly frivolous, the plaintiffs' claims are "predicated on their conviction that the state courts were wrong" and, therefore, satisfy "the very definition" of a case requiring *Rooker–Feldman* abstention.

*Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 490 (6th Cir. 2005) (citation omitted); *see also Shea v. State of Ohio*, 110 F.3d 64 (6th Cir. 1997) (unpublished table opinion) (affirming sua sponte dismissal under *Rooker-Feldman* for claims appearing to "contest[] the validity of [a] state traffic conviction for speeding").

The Court likewise finds no error in Judge Christoff's Rule 12(b)(6) analysis. Indeed, the Court agrees that Eleventh Amendment bars Plaintiff's claims against the Tennessee Department of Safety and Homeland Security. (*See* ECF No. 10 at PageID 34–35.) And that the remaining claims for monetary damages and equitable relief otherwise fail on the merits. (*Id.* at PageID 35–42.) At bottom, Plaintiff received a ticket, deliberately chose not to challenge the ticket in state court, and now seeks frivolous relief in federal court. It take no further discussion under clear error review to see why Plaintiff fails to state claim. The Court therefore **ADOPTS** the R&R's recommendation.

## CONCLUSION

The Court has reviewed Judge Christoff's thorough R&R and finds no clear error. Accordingly, the Court **DISMISSES** the Complaint **WITH PREJUDICE**.

**SO ORDERED**, this 16th day of June, 2026.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

4